| | |
|---|---|
| District Court, Boulder County, Colorado<br>1777 6th St.<br>Boulder, CO 80302 | DATE FILED: June 1, 2022 4:56 PM<br>FILING ID: 20BE18A8315C4<br>CASE NUMBER: 2022CV30363 |
| Plaintiff(s): Chapin P. Carnes; Sandra Carnes; Darin Schneider<br><br>v.<br><br>Defendant(s): Experian Information Solutions, Inc.; Equifax Information Services, LLC; Trans Union, LLC | ☐ COURT USE ONLY ☐ |
| Attorney for Plaintiffs:<br>Matthew R. Osborne #40835<br>11178 Huron Street, Suite 7<br>Northglenn, CO 80234<br>Phone Number: (303) 759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number: |
| **COMPLAINT** | |

1. Plaintiff Chapin P. ("Patrick") Carnes is an individual consumer.

2. Plaintiff Sandra Carnes in an individual consumer.

3. Plaintiff Darin Schneider is an individual consumer.

4. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company, located at 1550 Peachtree St NW, Atlanta, GA 30309.

5. Defendant Experian Information Solutions, Inc ("Experian") is a corporation, located at 475 Anton Boulevard, Cost Mesa, CA 92626.

6. Defendant Trans Union, LLC ("Trans Union") is a limited liability company, located at 555 W Adams St, Chicago, IL 60661.

**PLAINTIFFS PATRICK AND SANDRA CARNES**

7. In August 2017, Sandra and Patrick financed a vehicle with Hyundai Capital America, which was a 36-month lease.

8. Sandra and Patrick made all 36 lease payments on time, and returned the vehicle to Boulder Hyundai in September 2020.

9. In January 2021, Plaintiff Patrick applied for a Discover credit card, and was denied. Confused, because he had always had an excellent credit rating, Plaintiff Patrick ordered a copy of his credit report, and much to his surprise, Defendants were reporting him as past due on a $400 disposition charge on the Hyundai Capital America account.

10. Neither Plaintiffs Patrick or Sandra ever received a bill for the "$400 disposition fee."

11. Plaintiff Patrick called Hyundai Capital America to dispute the late reporting of the $400 fee since he never received a bill or opportunity to pay the charge. He was told only the CARES Department of Hyundai Capital America could help him.

12. By letter dated March 10, 2021, Hyundai Capital America sent the bill for the first time to Plaintiffs Patrick and Sandra for $400, even though Defendant was reporting both of them delinquent. It remains a mystery how a person can be late on a payment when they were never sent a bill. Plaintiffs Patrick and Sandra did not receive the bill dated March 10, 2021 until much later than the date of the letter.

13. On or around April 27, 2021, Plaintiffs Patrick and Sandra sent Hyundai Capital America a payment of the $400 "disposition fee."

14. On or around May 7, 2021, Hyundai Capital America sent Plaintiffs Patrick and Sandra a check for $400, returning their payment without explanation.

15. To date, Defendants continue to report both Plaintiffs Patrick and Sandra as late and derogatory, which is inaccurate and misleading because a bill was not sent for months, and then when it finally was, the bill was paid, and then Hyundai Capital America refused to accept the payment, and issued them a refund without explanation.

**PLAINTIFF DARIN SCHNEIDER**

16. In February 2018, Darin Schneider leased a Sportage from Hyundai Capital America. This was the 4th consecutive lease he had with Hyundai Capital America, never missing a payment on any of them.

17. In February 2021, Darin Schneider returned the Sportage to Hyundai Capital America.

18. On or around May 24, 2021, Darin Schneider received a letter from Hyundai Capital America falsely claiming that he was late paying the final disposition fee. He did not receive any bill before that.

19. Darin Schneider promptly paid the disposition fee soon after receiving the notice on or around May 24, 2021.

20. On or around June 8, 2021, Darin Schneider was alerted by the credit agencies that his credit score had plummeted. Confused, because he had an excellent credit rating, he checked his credit reports, and was shocked to see that Defendants had reported him as 30 days late in May 2021 on the Hyundai Capital America account, which was inaccurate because Hyundai Capital America did not even send him a bill until May 2021.

21. Darin Schneider pleaded with Hyundai Capital America to fix the inaccurate information, and reached out to John Hacker, the head of credit reporting, and James Bell with Hyundai Capital America's public relations division.

22. After his pleas were largely ignored and/or rebuffed by Hyundai Capital America, Schneider disputed the inaccurate information with Equifax, Innovis, Experian and Trans Union.

23. Defendants refused to correct the inaccurate information in response to Plaintiffs' disputes.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

24. Within the two years preceding the filing of this complaint, Defendants have received several disputes of the Hyundai Capital America account from all Plaintiffs.

25. Defendants negligently and willfully violated 15 U.S.C. 1681i by failing to perform reasonable reinvestigations into the inaccurate information, which included failing to review and consider all relevant information provided by Plaintiffs, failing to forward all relevant information to Hyundai Capital America, and establishing a system of parroting the creditor, aka the creditor is God practice, whereby the Defendants simply accept the creditor's reporting as true without investigating anything. Defendants have established a bizarre system where they demand that the consumer send them documents to substantiate their dispute, but then when the consumer does send documents, the Defendants will not read or consider them. Then Defendants outsource the "re-investigations" to the low wage operations center, parrot the creditors' response and refuse to correct the inaccurate information. Ironically, Defendants do not require (or even allow) the creditors to send them documents to prove the reporting is accurate.

26. Defendants' violations of the FCRA have caused the Plaintiffs actual damages such as inconvenience, harm to credit score, lost credit opportunities, and non-economic damages.

WHEREFORE, Plaintiffs pray for the following relief:

   a. Actual damages to be determined at trial;
   b. Treble damages to be determined at trial;
   c. Attorney Fees and costs if Plaintiff is the prevailing party at trial;
   d. For such other relief as may be proper.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018

matt@mrosbornelawpc.com
*Attorney for Plaintiffs*